**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4274**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COOLIDGE KENTAY USSERY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00059-LHT-5)

Submitted: March 30, 2010                     Decided: May 7, 2010

Before NIEMEYER, MICHAEL,[1] and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICES OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant. Amy E. Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

[1] Judge Michael was a member of the original panel but did not participate in this decision. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Coolidge Kentay Ussery pled guilty, pursuant to a plea agreement, to conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2006). Though Ussery originally faced a mandatory sentence of life imprisonment due to his prior felony drug convictions, the district court granted the Government's substantial assistance motion under U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2008) and sentenced Ussery to 262 months' imprisonment, the low end of the otherwise applicable guidelines range. After granting a Fed. R. Crim. P. 35 motion for substantial assistance, the district court reduced Ussery's sentence to 228 months.

Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Ussery's sentence was substantively unreasonable, but contending there are no meritorious issues on appeal. Ussery was advised of his right to file a pro se supplemental brief and did not do so. The Government elected not to file a brief and does not seek to enforce the plea agreement's appeal waiver.[2] We affirm.

---

[2] Ussery waived his right to appeal his sentence in the plea agreement. Because the Government fails to assert the waiver as a bar to the appeal, however, we may consider the issue raised in the Anders brief and conduct an Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We are charged with reviewing sentences for both procedural and substantive reasonableness. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Gall, 552 U.S. at 49-50. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51).

Here, though it correctly calculated Ussery's advisory guidelines range, the district court failed to adequately explain Ussery's sentence. Though not raised by Ussery, we recently held, in United States v. Carter, 564 F.3d 325 (4th

4

Cir. 2009), that a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. Id. at 330. Here, the district court summarized its reasons for Ussery's sentence as follows:

> Pursuant to the Sentencing Reform Act of 1984 and United States v. Booker, it is the judgment of the Court, having considered the factors noted in 18 U.S.C. § 3553(a), that the defendant, Coolidge Kentay Ussery, is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 262 months.

The district court failed to provide any reasons why a guidelines sentence was appropriate for Ussery or why it chose to sentence him at the low end of the advisory guidelines range. Therefore, it is clear that the district court failed to provide on the record the individualized assessment required by Carter.

However, Ussery did not object to the adequacy of the district court's explanation in the district court. Where a defendant does not object to a district court's failure to explain an imposed sentence, our review is for plain error. See United States v. Lynn, ___ F.3d ___, ___, 2010 WL 322176, at *3 (4th Cir. 2010). Under plain error review,

> [A]n appellate court may correct an error not brought to the attention of the trial court if (1) there is an error (2) that is plain and (3) that affects substantial rights. If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness,

5

> integrity, or public reputation of judicial proceedings.

United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted).

Though the district court committed error, and the error was plain, we find that the error did not affect Ussery's substantial rights. Ussery was sentenced at the low end of the guideline range after the district court granted the Government's U.S. Sentencing Guidelines Manual § 5K1.1 (2008) motion based on Ussery's substantial assistance. This sentence was recommended by both the Government and Ussery's counsel during their arguments during sentencing. Finally, Ussery's sentence was further reduced following the Government's Fed. R. Crim. P. 35 motion. Because Ussery cannot demonstrate that he would have received a lesser sentence had the district court adequately explained its reasoning, we find that the district court's inadequate explanation did not affect Ussery's substantial rights.

Additionally, we find that Ussery's sentence is substantively reasonable. Ussery originally faced a mandatory term of life imprisonment. However, after two substantial assistance motions by the Government, Ussery received a sentence of 228 months' imprisonment — almost three years less than the recommended guidelines range. Therefore, it is clear his sentence is reasonable.

In accordance with Anders, we have examined the entire record, including the integrity of the Rule 11 hearing, and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Ussery, in writing, of the right to petition the Supreme Court of the United States for further review. If Ussery requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ussery. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED